Curia, per
Richardson, J.
The fourth ground of the appeal, supposes that the expressions of the defendant to the witness, Patton, that “ if Devlin was black, defendant could buy him and all he had,” were incompetent. But these expressions were part of the conversation relating to the trespass, and his own offer to adjust the complaint. And the plaintiff had a right to adduce, before the jury, as well the spirit in which the defendant admitted the trespass done, as the facts. I do not perceive how else we could get fairly at what the defendant did acknowledge upon the subject, unless by hearing all he did say, leaving *428 it to the jury to apply the expressions for what they were worth, which was very little. The 2d and 3d grounds assume that the Judge ought not to indicate his own opinions upon the evidence, lest he should bias, the jury. In this case such opinions were not more than indicated. But the frequency of such grounds of appeal leads me to remark, that according to the case of the State vs. Bennett, 2 Tr. Con. Rep. 692, it is the right of the Judge to comment upon the whole evidence to the jury. And in the case of the State vs. Cassadoes, 1 N. & McC. 91, it is decided to be not only the right, but also the duty of the Judge, in cases of complicated facts, to give to the jury the aid of his experience, discrimination and judgment, upon the evidence as well as the law, so as he finally leaves the ultimate decision of all facts to their judgment. And such, I presume, is the practice of all common law courts. Of this, and from high authority, I will give one illustration. Lord Brougham, commending the judicial character and conduct of Lord Ellenborough, says: “ Lord Ellenborough was not one of those Judges who, in directing the jury, merely read over their notes, and let them guess at the opinions they have formed, leaving them without any help or recommendation in forming their own judgments. Upon each case that came before him, he had an opinion; and while he left the decision to the jury, he intimated how he thought himself. This manner,” he continues, “ of performing the office of Judge, is now generally followed, and most commonly approved.” (See 2d Brougham’s Miscellanies, public characters, p. 39.) See the cases collected on this head, in Graham on New Trials; and I may add, such is the well settled practice in South Carolina.
The motion is therefore dismissed.
O’Neall, Evans, Earle and Butler, JJ. concurred.